<u>CHAPTER 13 PLAN DATED July 9, 2016</u>

Plan Revision dated 06/22/2016

**United States Bankruptcy Court**
**For the District of Puerto Rico**

| | |
|---|---|
| IN RE: | Case No. **16-05015-MCF/O** |
| **RAMOS CARRION, JOSE LUIS** | Chapter **13** |
| 1325 STEWARTSTOWN | SSN: xxx-xx-**1873** |
| RD C-10 | SSN: xxx-xx- |
| MORGANTOWN, WV  26505 | |

*Debtor(s)*

**YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.** The following plan contains provisions which may affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan shall bind the Debtor(s) and each creditor to its terms. **OBJECTIONS TO THIS PLAN SHALL BE MADE IN COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3015-2.**

**1. PAYMENT, LENGTH OF PLAN, ATTORNEY'S FEES AND ADMINISTRATIVE EXPENSES**
☐ If this check box is "checked "A payroll deduction order shall be issued to the Debtor's employer.

**(a)  PAYMENT AND LENGTH OF PLAN**
Debtor(s) shall pay to the Chapter 13 Trustee the amounts described on the following payment schedule. Unless the Court orders otherwise payments shall commence no later than 30 days after filing of the petition.

**The effective date of the plan is the date on which the plan is confirmed for the first time.**
☒ **[Section 10 of the plan]** Provisions provided in section 10 of this plan deviates from the standard provisions used in Form Plan Revision Dated 07/15/2015 and all previous Form Plan Revisions.

☐ **[100+4.25% Distribution]** If this check box is "checked" the plan will pay, after payment in full of all §507 priority allowed claims, 100% of undisputed, non-contingent, liquidated and allowed general unsecured creditors provided under section 8 of this plan, plus a present value annual interest of 4.25%, on the unpaid principal balance of the allowed proof of claim.

**PAYMENT SCHEDULE**

| Monthly Payment Amount | | Months | | Total Paid | |
|---|---|---|---|---|---|
| $500.00 | x | 31 | = | $15,500.00 | |
| $1,000.00 | x | 29 | = | $29,000.00 | From cancellation of car payments |
| **Sub-Totals** | | | | $44,500.00 | |
| Additional Payments Amounts | | Month from filing, to make payment | | | **DATE & SOURCE OF ADDITIONAL PAYMENTS** |
| $None | | | = | $ | |
| **Total Plan Base** | | | = | $44,500.00 | |

**PROJECTED TAX REFUNDS:** Non exempt post petition income tax refunds, other than and beyond those that Debtor(s) pledge to fund this Chapter 13 Plan in section 1 of this plan, and/or via the income that Debtor(s) listed in Schedule I at tax refund prorated and/or those received beyond the annualized maximum projected tax refund listed in line (10a) of Official Form 22C-1, that the Debtor(s) actually receive(s) during the term of this Chapter 13 Plan (the "Plan"), will be used to fund this Plan (these additional tax refunds will be deemed **"Additional Tax Refunds"**). The tender to the Trustee of such **"Additional Tax Refunds"** payments shall deem the plan modified by such amount, increasing the base thereby without the need of further notice, hearing or Court order. If the Debtor(s) need(s) to the use all or portion of such **"Additional Tax Refunds"**, Debtor(s) shall seek Court's authorization prior to any use of funds , or as soon as practicable.

<u>CHAPTER 13 PLAN DATED July 9, 2016</u>

Plan Revision dated 06/22/2016

**(b) ADMINISTRATIVE EXPENSES**
(i) Trustee shall deduct the percentage fee fixed in and in the manner provided under 28 U.S.C. §586(e).
(ii) This plan does not set a deadline for the filing of administrative expenses. The deadline for filing administrative expenses is controlled by 11 U.S.C. 503(a).
(iii) The amount of attorney's fees will be determined by the Court, upon the timely filing of a detailed application for fees and expenses.

**2. <u>PRIORITY CLAIMS</u>**
(a) All allowed priority claims shall be paid in full unless creditor agrees otherwise [11 U.S.C. §1322(A)(2)]. The Debtor shall pay DIRECTLY all Domestic Support Obligations that become due after the petition.

**3. <u>PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PROVISIONS</u>**:☒ None, if checked

**4. <u>SECURED CLAIMS:</u>**☐ None, if checked

(1) Allowed secured claim holders, with pre-petition perfected and registered liens, provided under this section 4 of the plan, shall retain their liens in compliance with 11 U.S.C. §1325(a)(5)(B)(1) or until otherwise provided under the plan.

(2) If relief from the automatic stay is agreed and/or ordered as to any collateral listed in this section 4 of the plan, then, unless otherwise ordered by the court, all payments as to the proof of claim and/or collateral for which the stay has been lifted, modified and/or terminated, will cease and all claims attaching that collateral will no longer be treated by the plan and will not receive any further distribution under the plan.

(3) The Chapter 13 Trustee shall pay any and all post-petition amounts requested by creditor that are requested pursuant to Bankruptcy Rule 3002.1, as soon as practicable after confirmation of the plan. Notwithstanding this provision, and/or the distributions made by the Trustee, the Debtor(s) reserve(s) the right to object, within the term provided by Bankruptcy Rule 3002.1, to any and all post-petition amounts requested by creditor pursuant to said Rule 3002.1. Should Debtor(s) object to such post-petition amounts requested by creditor, and prevail(s), the Chapter 13 Trustee is under no obligation to recover those objected and distributed amounts from creditor, and creditor **shall** immediately return the distributed amounts to the Chapter 13 Trustee to be administered in compliance with the bankruptcy code. Nothing in this plan is to be construed as a waiver or modification by the Debtor(s) of the right to object pursuant to Bankruptcy Rule 3002.1.

**(a) PAID DIRECT:** ☐ None, if checked
Secured Claims listed below shall be paid directly by Debtor(s), in accordance with the contract between the parties:

| CREDITOR | PAYMENT BEGINS AS DESCRIBED BELOW | COLLATERAL DESCRIPTION |
|---|---|---|
| THRIFT SAVINGS PLAN | Next month due after the petition filing | THRIFT SAVING PLAN |
| USAA FEDERAL SAVINGS BANK | Next month due after the petition filing | 2010 BMW 328I |

**(b) CURE ARREARS:** ☐ None, if checked
Secured arrears for claims listed below, shall be paid through the plan (11 U.S.C. §1322(b)(5)). For the claims of creditors listed below, the **shall be pay as follows:** The debtor(s) will maintain the contractual installment payments on the claims listed below, with any changes required by the applicable contract, and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. The final column includes only payments disbursed by the Chapter 13 Trustee rather than by the debtor.

| CREDITOR | COLLATERAL DESCRIPTION | ARREARS AMOUNT | MONTHLY PAYMENT | MONTHS OF PLAN |
|---|---|---|---|---|
| USAA FEDERAL SAVINGS BANK | 2010 BMW 328I | $1.00 | Pro-Rata | Pro-Rata |

**CHAPTER 13 PLAN DATED July 9, 2016**

*Plan Revision dated 06/22/2016*

**5. INSURANCE COVERAGE FOR SECURED CLAIMS:** ☒ **None, if checked**

**6. OTHER SECURED:** ☐ **None, if checked**
Allowed secured claim holders, with pre-petition perfected and registered liens, provided under section 6 of the plan, shall retain their liens in compliance with 11 U.S.C. §1325(a)(5)(B)(1) or until otherwise provided under the plan.

**6(a).   SURRENDER OF PROPERTY (NO DISTRIBUTION BY THE TRUSTEE):**  ☒ **None, if checked**

**6(b).   MODIFICATION OF THE AUTOMATIC STAY (NO DISTRIBUTION BY THE TRUSTEE):** ☐ **None, if checked**
Upon confirmation of this plan, the stay is lifted as to the collateral named below only, to allow lien holder(s) to proceed with *in rem* remedies only against the collateral named below only, and only when and if a default occurs under the terms of the contract and/or agreement and the default is not cured under the terms of the contract and/or agreement. This provision does not allow for the lien holder to perfect or present a lien. Any allowe**d c**laim by a creditor or creditors provided for in this section shall receive no distribution under the plan. All payments and deductions regarding the obligation secured by the collateral named below shall immediately cease and shall be stopped by any entity making them or withdrawing them.

| CREDITOR | COLLATERAL |
|---|---|
| **BANCO POPULAR DE PUERTO RICO** | **REAL PROPERTY LOCATED IN VEGA ALTA** |
| **BANCO POPULAR DE PUERTO RICO** | **REAL PROPERTY LOCATED AT CAGUAS** |
| **CRIM** | **REAL PROPERTY LOCATED IN VEGA ALTA** |
| **URBANIZACION VEGA DORADA** | **REAL PROPERTY LOCATED IN VEGA ALTA** |

**7. UNSECURED PREFERRED CLAIMS:** ☒ **None, if checked**

**8. UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid as follows:

The debtor(s) shall pay the Trustee sufficient funds to pay the higher of the ("Unsecured Pool") determined pursuant to Form B22C or the present value of the portion of the Liquidation Value determined in the case pursuant to 11 U.S.C. § 1325(a)(4), that general unsecured creditors are entitled to receive.

Any funds received by the Trustee in excess of the amount necessary to pay all allowed priority unsecured claims, all secured claims, all long term debts, and the Unsecured Pool and/or the Liquidation Value, shall increase the return to general unsecured allowed claims until the Debtor has paid the Plan Base to the Trustee.

**9. OTHER PLAN PROVISIONS AND MOTIONS**

**(a) Vesting of Property of the Estate:** Pre-petition existing property of the estate shall vest in the Debtor(s) upon discharge or conversion to chapter 7. The Court will retain jurisdiction over all existing causes of action. Post-petition acquired property will be property of the chapter 13 estate pursuant to 11 U.S.C §1306 and shall shall vest in the Debtor(s) upon discharge or conversion to chapter 7.

**(b)** Notwithstanding whatever provided in preceding paragraph (a), if the plan is funded by the proceeds of a sale or refinancing of property of the estate shall not vest on debtors and the Court shall retain jurisdiction over such property and any related transactions until its completion.

**(c) Excluded Properties By Stay Modification:** For properties for which the stay is modified or lifted under section (6) of this plan, hereinafter referred as **"excluded property",** if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs, those proceeds will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

<u>CHAPTER 13 PLAN DATED July 9, 2016</u>

Plan Revision dated 06/22/2016

**10. Other, Special Provisions of the Plan Not Elsewhere Described:**

**THIS PLAN DOES NOT ALLOW CLAIMS.** To be paid under any plan that may be confirmed, you must file a proof of claim. The Trustee shall pay the allowed claim as filed, unless disallowed or expressly modified by the Court and/or the terms of the plan. If no claim is filed, the Trustee shall not pay a creditor provided for in the plan, unless ordered by the Court. Please refer to the notice of commencement of case for §341 meeting date, plan confirmation (approval) hearing date and the claims bar date, the later date by which a proof of claim must be filed to participate of the plan distribution.

**POST PETITION REGULAR MONTHLY PAYMENTS ON SECURED CLAIMS.** In order to commence disbursements of any post petition regular payments, on any secured obligation, a proof of claim must be filed including the following information: (a.) account number; (b.) mailing address; (c.) due date and (d.) the monthly payment.

**(a) Order of Distribution.**
Trustee shall disburse or accrue payments to allowed claims provided in the plan in the following order, unless the plan provides otherwise:

| PAYMENT ORDER | ALLOWED CLAIM |
|---|---|
| 1 | Pre-Confirmation Adequate Protection Payments under 11 U.S.C. § 1326(a)(B)&(C) |
| 1 | Post Petition Regular Monthly payments of Secured Claims |
| 1 | Debtor's Attorneys Fees |
| 2 | Lease related: (Direct payments, arrears, reserve and residuals) on assumed leases |
| 3 | Secured creditors provided under the plan on prorata basis and/or any before any other creditor |
| 3 | Equal Monthly Payments to Secured Creditor |
| 3 | Insurance Premium |
| 4 | §507 Priority Allowed Claims |
| 5 | Preferred Unsecured claims |
| 6 | General Unsecured Claims |

**b.** Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**c.** Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the Chapter 13 Trustee, unless an itemized proof of claim for any deficiency is filed in compliance with bankruptcy law. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

**d.** If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

**e.** Property of the estate includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

CHAPTER 13 PLAN DATED July 9, 2016

*Plan Revision dated 06/22/2016*

**f.** To receive a pre-confirmation adequate protection payment from the Chapter 13 Trustee under section 3(a) of this plan, as provided for by the Code, the creditor secured by personal property must file a proof of claim. Pre-confirmation Adequate Protection Payments will begin as soon as practicable after filing the proof of claim by the personal property creditor, and there will be no retroactive pre-confirmation adequate protection payments for the elapsed time before filing the proof of claim. To receive payments from the Chapter 13 Trustee, other than direct payments by the Debtor(s), either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. A creditor, that it is provided for under the terms of this plan and fails to file a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), will have consented to a prohibition to request relief from the automatic stay.

**g.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

**h.** All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

**i.** The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

**j.** Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

**k.** Unless otherwise specified in this plan, nothing in this plan is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights, or to waive any claims and/or defenses. The Debtor(s) reserve(s) and retain(s) all claims and defenses under federal of state law law, including but not limited to the defense and/or prosecution of cases in any forum.

<u>CHAPTER 13 PLAN DATED July 9, 2016</u>

*Plan Revision dated 06/22/2016*

**l.** Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankrutpcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

**m.** If a claim has been transferred by the holder thereof after the holder has filed a proof of claim, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency. Notices of sale of litigious credits shall be filed with the Court, and extra-judicial notices shall have no effect and shall be null and void. A proof of claim filed in this case shall constitute the initiation of a collection action and the filing of this plan shall constitute the answer necessary to create a litigious credit, without the need to begin a contested matter or adversary proceeding. Upon the transfer, conveyance and/or sale of a litigious credit, the Debtor(s) hereby inform(s) and exercise(s) the right to redeem a litigious credit sold, pursuant to article 1425 of the Puerto Rico Civil code, and request(s) evidence of the amount paid for the purchase.

**n.** Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

**o.** The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate or the debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

**p.** 11 U.S.C.§1325(a)(9)(*) provides that for purposes of paragraph (5) of §1325(a), §506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in 49 U.S.C. §30102) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such

**CHAPTER 13 PLAN DATED July 9, 2016**

*Plan Revision dated 06/22/2016*

creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

**q.** Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

**r.** [Intentionally left blank for future use]

**s.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s) in default under any such agreement for filing a bankruptcy/insolvency action (*Ipso Facto Clauses*). Consequently, confirmation of this plan shall constitute a finding that any such *Ipso Facto Clauses*, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s) in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such *Ipso Facto Clauses* be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s) hereby specifically reject all existing contracts for credit that are not specifically accepted or reaffirmed, including/particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

/s/ JOSE LUIS RAMOS CARRION

| Debtor | Joint Debtor |
|---|---|

☒ **JUAN M. SUAREZ COBO, ESQ.**
☐ **MANUEL F. CASELLAS, ESQ.**

**LEGAL PARTNERS, PSC**
Debtors' Attorneys
Tel: 787-791-1818
Fax: 787-791-4260
Box 316, Señorial Station
San Juan, P.R 00926-6023